# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

CELLSPIN SOFT, INC.,

                Plaintiff,

v.

FOSSIL STORES I, INC., FOSSIL GROUP, INC.

                Defendant.

Case No. 2:25-cv-683

**ORIGINAL COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 8,738,794; 8,892,752; 9,749,847;**

**DEMAND FOR JURY TRIAL**





Source: https://play.google.com/store/apps/details?id=com.fossil.wearables.fossil

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Cellspin Soft, Inc. ("Cellspin" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendants Fossil Group, Inc., Fossil Stores I, Inc., (collectively, "Fossil" or "Defendants") for infringement of United States Patent Nos. 8,738,794 ("the '794 Patent"), 8,892,752 ("the '752 Patent"), and 9,749,847 ("the '847 Patent") (collectively, the "Patents-in-Suit"), and alleges as follows:

## NATURE OF THE ACTION

2. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, and 284, to obtain damages and injunctive relief resulting from Defendants' unauthorized actions of making, having made, using, selling, offering to sell, and/or importing into the United States products that infringe or enable the infringement of one or more claims of the Patents-in-Suit. The Patents-in-Suit cover methods and systems for automatic multimedia upload and data transfer from Bluetooth-enabled data capture devices to web services via mobile devices with minimal user intervention.

## THE PARTIES

3. Plaintiff, Cellspin Soft, Inc. ("Cellspin"), is a corporation with an office and place business at 2784 Homestead Rd PMB 116, Santa Clara, CA 95051.

4.  Upon information and belief, Defendant Fossil Stores I, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 901 S. Central Expressway, Richardson, Texas 75080. Fossil Stores I, Inc. is a wholly owned subsidiary of Fossil Group, Inc.

5.  Upon information and belief, Defendant Fossil Group, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 901 S. Central Expressway, Richardson, Texas 75080, within a few miles from the Eastern District of Texas and within the subpoena power of the Court in the State of Texas.



*Figure 1 - Excerpt from https://stores.fossil.com/tx/allen/allen-premium-outlet-7612/, as last visited on June 25, 2025.*

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

6.  Based on information and belief, Fossil Group, Inc. manages all or nearly all of the "FOSSIL" brand's U.S. operations for Fossil Stores I, Inc. Alternatively, Fossil Group, Inc. and Fossil Stores I, Inc. form a joint business enterprise, making each other's performance attributable to the other.

7.  Fossil designs, manufactures, makes, uses, markets, offers to sell, sells, and/or imports smartwatches configured to capture data (e.g., physiological or fitness metrics) and automatically transfer it via Bluetooth to mobile devices and web services, including the products accused of infringement in this Complaint, in the United States, including this Judicial District. Fossil maintains a retail store in this District, at least at 820 W. Stacy Road, Allen, Texas 75013, and has authorized sellers and sales representatives in the United States and in this Judicial District that offer to sell and sell products pertinent to this Complaint.

8.  Collectively, Fossil Defendants can be served through their registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, as it has most recently confirmed on March 21, 2025, in its Answer to an amended complaint in *Omni Medsci, Inc. v. Samsung Electronics, Co. Ltd., et al.*, No. 2:24-cv-01070-JRG-RSP, Dkt. No. 30 (E.D. Tex. March 21, 2025).

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

## JURISDICTION AND VENUE

9.  Plaintiff incorporates by reference the allegations contained above.

10. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq. including 35 U.S.C. §§ 271, 281, 283, and 284. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Fossil because: (i) Fossil Group, Inc., and Fossil Stores I, Inc. have a regular and established place of business in this District, including a retail store at 820 W. Stacy Road, Allen, Texas 75013; (ii) Fossil has purposefully availed itself of the privileges of conducting business in Texas and this District; (iii) Fossil conducts substantial business in Texas and this District, including sales and offers to sell the accused products; (iv) Fossil maintains continuous and systematic contacts in Texas and this District; and (v) Fossil places the accused products in the stream of commerce, knowing they are likely to be sold and used in Texas and this District. For example, Fossil's SEC filings confirm its Richardson headquarters, and its store locator lists the Allen outlet mall. Fossil's authorized retailers (*e.g.*, Walmart, Amazon) sell the accused products in this District, deriving substantial revenue.

12. Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) because Fossil has committed acts of infringement in this District through sales and offers to sell the accused products and has a regular and established place of business, including its Richardson headquarters and Allen store.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

## PATENTS-IN-SUIT

13. Plaintiff incorporates by reference the allegations contained above.

14. "Patents are presumed valid, and each patent claim is 'presumed valid independently of the validity of other claims.'" *Kowa Co., Ltd. v. Amneal Pharms.*, LLC, No. 14-CV-2758 (PAC), 2017 WL 10667089, at *6 (S.D.N.Y. Sept. 19, 2017) (*citing* 35 U.S.C. § 282) *aff'd*, 745 F. Appx 168 (Fed. Cir. 2018).

15. "Patent examiners are owed deference and are 'presumed to have considered' prior art references listed on the face of a patent." *Id.* (*citing Shire, LLC v. Amneal Pharm., LLC*, 802 F.3d 1301, 1307 (Fed. Cir. 2015)). Defendants "have the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents." *Id.* (*quoting PowerOasis, Inc. v. T-Mobile USA*, Inc., 522 F.3d 1299, 1304 (Fed. Cir. 2008)).

16. By operation of law, the Patents-in-Suit originally issued and exclusively vested to Patentee Cellspin Soft, Inc., as of the issue date of the Patents-in-Suit. *See* 35 U.S.C. § 261; *Schwendimann v. Arkwright Advanced Coating, Inc*., 959 F.3d 1065, 1072 (Fed. Cir. 2020); *Suppes v. Katti*, 710 Fed. Appx. 883, 887 (Fed. Cir. 2017); *Taylor v. Taylor Made Plastics, Inc*., 565 Fed. Appx. 888, 889 (Fed. Cir.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

2014).

17. United States Patent No. 8,738,794, entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content," was duly and legally issued by the United States Patent and Trademark Office (USPTO) on May 27, 2014, after a full and thorough examination. A true and correct copy is attached as **Exhibit A**.

18. United States Patent No. 8,892,752, entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content," was duly and legally issued by the USPTO on November 18, 2014, after a full and thorough examination. A true and correct copy is attached as **Exhibit B**.

19. United States Patent No. 9,749,847, entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content," was duly and legally issued by the USPTO on August 29, 2017, after a full and thorough examination. A true and correct copy is attached as **Exhibit C**.

20. Plaintiff is the assignee of all right, title, and interest in and to the Patents-in-Suit and possesses all rights of recovery, including the right to recover damages for past, present, and future infringement and to obtain injunctive relief.

21. The Patents-in-Suit are presumed valid under 35 U.S.C. § 282, and each patent claim is presumed valid independently of the validity of other claims.

22. The Patents-in-Suit cover innovative methods and systems for automatically transferring data, such as fitness or physiological metrics, from a Bluetooth-enabled data capture device (e.g., a smartwatch) to a mobile device (e.g., a smartphone) via

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

a secure paired Bluetooth connection, and subsequently to a web service (e.g., a cloud server) using HTTP, with minimal user intervention. Some of the key features include Bluetooth pairing, signal notifications, event notifications, polling, cryptographic authentication, and automatic data upload to web services.

23. A variety of well-known companies and numerous USPTO examiners have referenced the Patents-in-Suit in the prosecution of these companies' patent applications, including Samsung, Nokia, Citrix Systems, Amazon Technologies, Microsoft, and Google.[1] This highlights the significance of the technology to top technology providers.

24. The USPTO Examiners did a thorough search for prior art, looking into at least these eighteen (18) recorded classifications:

   a. "H04N1/00307 Connection or combination of a still picture apparatus with another apparatus, *e.g.* for storage, processing or transmission of still picture signals or of information associated with a still picture with a telecommunication apparatus, *e.g.* a switched network of teleprinters for the distribution of text-based information, a selective call terminal with a mobile telephone apparatus;"

   b. "G06F3/005 Input arrangements through a video camera;"

   c. "H04L67/04 Protocols specially adapted for terminals or networks with limited capabilities; specially adapted for terminal portability;"

---

[1] *See https://patents.google.com/patent/US9749847B2 as last visited on June 5, 2025.*

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

d.  "H04N1/00103 Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites;"

e.  "H04N1/00103 - Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites;"

f.  "H04N1/00 - Scanning, transmission or reproduction of documents or the like, e.g. facsimile transmission; Details thereof;"

g.  "H04N1/00095 - Systems or arrangements for the transmission of the picture signal;"

h.  "H04N1/00106 - Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites using land mobile radio networks, e.g. mobile telephone;"

i.  "H04N1/00108 - Systems or arrangements for the transmission of the picture signal specially adapted for radio transmission, *e.g.* via satellites of digital signals;"

j.  "H04N1/00127 Connection or combination of a still picture apparatus with another apparatus, e.g. for storage, processing or transmission of still picture signals or of information associated with a still picture;"

k.  "H04N1/00204 Connection or combination of a still picture apparatus with another apparatus, *e.g.* for storage, processing or transmission of

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

still picture signals or of information associated with a still picture with a digital computer or a digital computer system, *e.g.* an internet server;"

l.  "H04N21/4223 Cameras;"

m. "H04N21/6131 Network physical structure; Signal processing specially adapted to the downstream path of the transmission network involving transmission via a mobile phone network;"

n.  "H04W4/02 Services making use of location information;"

o.  "H04W4/023 Services making use of location information using mutual or relative location information between multiple location based services [LBS] targets or of distance thresholds;"

p.  "H04W4/21 Services signaling; Auxiliary data signaling, *i.e.* transmitting data via a non-traffic channel for social networking applications;"

q.  "H04W4/80 Services using short range communication, *e.g.* near-field communication [NFC], radio-frequency identification [RFID] or low energy communication;" and

r.  "H04N2201/0084 Digital still cameras."

## FOSSIL ACCUSED INSTRUMENTALITIES

25. Fossil infringes, and/or induces others to infringe, the asserted patent claims with its "Accused Instrumentalities," which include:

(1) Fossil Gen 5E Smartwatch (since Jan. 2020),

(2) Fossil Gen 5 LTE Smartwatch (since Jan. 2021),

(3) Fossil Gen 6 Smartwatch (since Jan. 2021),

(4) Fossil Gen 6 Wellness Edition (since Jan. 2022), and

(5) Fossil Gen 6 Hybrid and Hybrid Wellness Edition (since Jan. 2022)

(collectively, the "Fossil Smartwatch Products"). These products are Bluetooth-enabled data capture devices designed to monitor user fitness metrics (*e.g.* steps, SpO2, sleep) and automatically transfer data via a secure Bluetooth connection to a mobile device running the Fossil Smartwatches app for iOS (available at https://apps.apple.com/us/app/fossil-smartwatches/id1027370544) or Android (available at https://play.google.com/store/apps/details?id=com.fossil.wearables.fossil&hl=en_US), in case of the Fossil Gen 6 Smartwatch, Fossil Gen 6 Wellness Edition and Fossil Gen 6 Hybrid and Hybrid Wellness Edition; and Google Fit and/or Wear OS by Google, in case of Fossil Gen 6 Smartwatch products sold prior to October 2022, Fossil Gen 5E Smartwatch and Fossil Gen 5 LTE Smartwatch, which then upload the data to web services (e.g., Fossil's servers and/or Google Fit) using HTTP/HTTPS.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

26. With respect to at least some of the Accused Functionalities, there exists a Joint Agreement / OEM venture between Fossil and Google to deliver the system and perform the methods. *See* https://www.fossilgroup.com/wp-content/uploads/ 2019/01/Fossil-Group-enters-agreement-to-unlock-growth-in-smartwatches1.pdf and https://arstechnica.com/gadgets/2024/01/fossil-smartwatches-go-extinct-company-quits-wear-os-ecosystem/.

27. The Fossil Smartwatch Products feature the following technical specifications, which enable the infringing functionality:

28. Fossil Gen 5E Smartwatch (2020): Powered by Qualcomm Snapdragon Wear 3100, 1GB RAM, 4GB storage, 1.28-inch AMOLED display (44mm) or 1.19-inch AMOLED display (42mm), Bluetooth 4.2 LE, sensors (accelerometer, gyroscope, heart rate), and compatibility with Android 6.0+ and iOS 12.0+. It pairs via Bluetooth to the Wear OS mobile application, tracks fitness metrics (e.g., steps, calories), transfers fitness data to Google Fit mobile application installed on the Bluetooth-enabled mobile device, which further uploads fitness data to web services.

29. Fossil Gen 5 LTE Smartwatch (2021): Powered by Qualcomm Snapdragon Wear 3100, 1GB RAM, 8GB storage, 1.28-inch AMOLED display (45mm), Bluetooth 4.2 LE, LTE connectivity (Verizon, Vodafone UK), built-in speaker and microphone, sensors (accelerometer, gyroscope, heart rate, GPS), and compatibility with Android 6.0+. It supports phone-free calling and data transfer via Bluetooth or

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

LTE to the Google Fit mobile application, installed on the Bluetooth-enabled mobile device, which further uploads fitness data to web services.

30. Fossil Gen 6 Smartwatch (since 2021): Powered by Qualcomm Snapdragon Wear 4100+, 1GB RAM, 8GB storage, 1.28-inch AMOLED display (44mm or 42mm), Bluetooth 5.0 LE, standalone GPS, SpO2 sensor, heart rate monitor, waterproof speaker and microphone, and compatibility with Android 6.0+ and iOS 12.0+. It pairs via Bluetooth to the Google Fit app or, for products sold since October 2022, to Fossil Smartwatches app, tracks fitness and health metrics, and uploads data to web services with 80% charge in 30 minutes.

31. Fossil Gen 6 Wellness Edition (2022): Shares Gen 6 specifications (Snapdragon Wear 4100+, 1GB RAM, 8GB storage, 1.28-inch AMOLED display, Bluetooth 5.0 LE, GPS, SpO2, heart rate), with enhanced fitness tracking (e.g., sleep, VO2 max) via the Fossil Smartwatches app. It transfers data via Bluetooth to the app for web service upload, though battery life limits sleep tracking reliability.

32. Fossil Gen 6 Hybrid and Hybrid Wellness Edition (2022): Features proprietary Fossil OS, Snapdragon 4100+, Bluetooth 5.0 LE, sensors (accelerometer, heart rate, SpO2), extended battery life (up to two weeks), and compatibility with Android 6.0+ and iOS 12.0+. It pairs via Bluetooth to the Fossil Smartwatches app, tracks fitness metrics, and uploads data to web services with minimal user intervention.

33. The Fossil Smartwatches app, available for iOS and Android, and the Google

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Fit application enable automatic data capture, event notifications (e.g., new data availability), cryptographic authentication, and data transfer to web services. Users pair the respective Fossil Smartwatch Products with their smartphones, grant permissions (e.g., Bluetooth, motion, notifications), and the app automatically syncs data (e.g., steps, heart rate) to Fossil's servers and/or Google Fit via HTTP/HTTPS, requiring minimal user action post-setup. Fossil actively markets and supports sales of the Fossil Smartwatch Products and apps through its website (www.fossil.com), retail stores, and authorized retailers (e.g., Walmart, Amazon) in this District.

34. The exemplary infringement charts, attached as Exhibits D–R, detail how each Fossil Smartwatch Product infringes all claims of the Patents-in-Suit. Specifically, three charts are provided for each product: one for the '794 Patent, one for the '752 Patent, and one for the '847 Patent, totaling 15 charts (Exhibits D–R). These charts demonstrate that each Fossil Smartwatch Product, in conjunction with the Fossil Smartwatches app for iOS and Android, Google Fit and/or Wear OS by Google, share substantially identical Bluetooth data transfer functionality, meeting all claim limitations of the Patents-in-Suit.

35. Fossil Gen 5E and Fossil Gen 5 LTE Smartwatches transfer data to the Google Fit mobile application, whereas Fossil Gen 6 Smartwatch, Fossil Gen 6 Wellness Edition, Fossil Gen 6 Hybrid and Hybrid Wellness Edition transfer data to the Fossil Smartwatches app.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,738,794

36. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

37. United States Patent No. 8,738,794 (the "'794 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

38. Fossil has directly infringed, and continues to directly infringe, the '794 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the Fossil Smartwatch Products, and/or induces others to use, which practice the methods claimed in the '794 Patent, including all claims, within the United States and this District. For example, Fossil practices the claimed methods by testing, demonstrating, and using the Fossil Smartwatch Products, which acquire fitness data (e.g., heart rate, steps), automatically transfer it via Bluetooth to a paired mobile device running the Fossil Smartwatches app for iOS (https://apps.apple.com/us/app/fossil-smartwatches/id1027370544) or Android and upload it to a web service (e.g., Fossil's servers and/or Google Fit ) with a user identifier. *See Exhibits D, G, J, M, P* for claim-by-claim Patent Infringement Charts analysis of each product.

39. Fossil has indirectly infringed, and continues to indirectly infringe, the '794 Patent pursuant to 35 U.S.C. § 271(b) by actively inducing direct infringement by others, including customers and end-users, in this District and elsewhere in the

United States. Fossil's customers use the Fossil Smartwatch Products in their normal and customary manner (e.g., pairing with a smartphone via the Fossil Smartwatches app and/or Google Fit app, syncing data), which infringes all claims of the '794 Patent. Fossil induces such infringement by providing the Fossil Smartwatch Products, the Fossil Smartwatches app for iOS and Android, and instructions (e.g., user manuals, quick start guides at https://support.fossilgroup.com, setup guides at https://www.fossil.com/en-us/watches/learn-more/fossil-smartwatch-app/, YouTube videos like "Gen 5: Onboarding and Getting Started") that encourage infringing use.

40. Fossil has had actual notice of the '794 Patent since at least June 11, 2017, via a licensing letter sent by Cellspin to Fossil's Vice President, General Counsel, and Secretary, Randy Hyne, identifying the '794 Patent and Fossil's infringing products. Fossil's continued infringement post-notice is willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284.

41. Fossil has had notice of the '794 patent through at least one prior lawsuit Fossil had with Cellspin.

42. Fossil also contributes to infringement of the '794 Patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell the Fossil Smartwatch Products and the Fossil Smartwatches app, which are material components of the claimed methods, knowing they are especially adapted for infringing use and not suitable for substantial non-infringing use. For example, the Fossil Smartwatches app has

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

no technical use absent Bluetooth data transfer from the Fossil Smartwatch Products, as confirmed by Fossil's support materials and app descriptions.

43. Fossil's direct and indirect infringement has caused Plaintiff irreparable harm, entitling Plaintiff to damages under 35 U.S.C. § 284 and injunctive relief under 35 U.S.C. § 283.

44. To the extent Fossil continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '794 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Fossil's continuance of its clear and inexcusable infringement of the '794 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

45. On account of the foregoing, Plaintiff contends such activities by Fossil qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

46. Each of Fossil's aforesaid activities have been without authority and/or license from Plaintiff.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,892,752

47. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

48. United States Patent No. 8,892,752 (the "'752 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

49. Fossil has directly infringed, and continues to directly infringe, the '752 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the Fossil Smartwatch Products, and/or induces others to use, which practice the methods claimed in the '752 Patent, including all claims, within the United States and this District. For example, Fossil practices the claimed methods by testing and demonstrating the Fossil Smartwatch Products, which establish secure Bluetooth connections, use event notifications for new data (e.g., steps, heart rate), and transfer encrypted data to the Fossil Smartwatches app for iOS or Android for upload to a web service. *See Exhibits E, H, K, N, Q for claim-by-claim Patent Infringement Charts* analysis of each product.

50. Fossil has indirectly infringed, and continues to indirectly infringe, the '752 Patent pursuant to 35 U.S.C. § 271(b) by actively inducing direct infringement by others, including customers, in this District and elsewhere. Customers' use of the Fossil Smartwatch Products and the Fossil Smartwatches app and/or Google Fit app (e.g., pairing, syncing data) infringes all claims of the '752 Patent. Fossil induces

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

such infringement through product sales, the Fossil Smartwatches app for iOS and Android, and instructions (e.g., manuals, support pages, app setup guides).

51. Fossil has had actual notice of the '752 Patent since at least June 11, 2017, via the licensing letter. Fossil's continued infringement post-notice is willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284.

52. Fossil has had notice of the '752 patent through at least one prior lawsuit Fossil had with Cellspin.

53. Fossil contributes to infringement of the '752 Patent pursuant to 35 U.S.C. § 271(c) by selling the Fossil Smartwatch Products and the Fossil Smartwatches app, which are material to the claimed methods, knowing they are adapted for infringing use and lack substantial non-infringing use.

54. Fossil's direct and indirect infringement has caused Plaintiff irreparable harm, entitling Plaintiff to damages and injunctive relief.

55. Fossil also contributes to infringement of the '752 Patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell the Fossil Smartwatch Products and the Fossil Smartwatches app, which are material components of the claimed methods, knowing they are especially adapted for infringing use and not suitable for substantial non-infringing use. For example, the Fossil Smartwatches app has no technical use absent Bluetooth data transfer from the Fossil Smartwatch Products, as confirmed by Fossil's support materials and app descriptions.

56. Fossil's direct and indirect infringement has caused Plaintiff irreparable

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

harm, entitling Plaintiff to damages under 35 U.S.C. § 284 and injunctive relief under 35 U.S.C. § 283.

57. To the extent Fossil continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '752 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Fossil's continuance of its clear and inexcusable infringement of the '752 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

58. On account of the foregoing, Plaintiff contends such activities by Fossil qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

59. Each of Fossil's aforesaid activities have been without authority and/or license from Plaintiff.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,749,847

60. Plaintiff refers to and incorporates herein the allegations in the above paragraphs.

61. United States Patent No. 9,749,847 (the "'847 Patent") was duly and legally issued by the USPTO after a full and examination presumed to be thorough.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

62. Fossil has directly infringed, and continues to directly infringe, the '847 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or induces others to use, and/or importing the Fossil Smartwatch Products, which embody the systems claimed in the '847 Patent, including all claims, within the United States and this District. For example, Fossil makes and uses systems comprising the Fossil Smartwatch Products, which include Bluetooth communication devices, processors for acquiring data (e.g., heart rate, SpO2), and the Fossil Smartwatches app for iOS or Android that receives and uploads data to web services via HTTP. ***See Exhibits F, I, L, O, R* for claim-by-claim Patent Infringement Charts** analysis of each product.

63.    Fossil has indirectly infringed, and continues to indirectly infringe, the '847 Patent pursuant to 35 U.S.C. § 271(b) by actively inducing direct infringement by others, including customers, in this District and elsewhere. Customers' use of the Fossil Smartwatch Products and the Fossil Smartwatches app and/or Google Fit app infringes all claims of the '847 Patent. Fossil induces such infringement through product sales, the Fossil Smartwatches app, and instructions.

64.    Fossil has had actual notice of the '847 Patent since at least August 31, 2017, via a follow-up licensing letter referenced in prior communications. Fossil's continued infringement post-notice is willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

65. Fossil contributes to infringement of the '847 Patent pursuant to 35 U.S.C. § 271(c) by selling the Fossil Smartwatch Products and the Fossil Smartwatches app, which are material to the claimed systems, knowing they are adapted for infringing use and lack substantial non-infringing use.

66. Fossil's direct and indirect infringement has caused Plaintiff irreparable harm, entitling Plaintiff to damages and injunctive relief.

67. Fossil has had notice of the '847 patent through at least one prior lawsuit Fossil had with Cellspin.

68. Fossil contributes to infringement of the '847 Patent pursuant to 35 U.S.C. § 271(c) by selling the Fossil Smartwatch Products and the Fossil Smartwatches app, which are material to the claimed methods, knowing they are adapted for infringing use and lack substantial non-infringing use.

69. Fossil's direct and indirect infringement has caused Plaintiff irreparable harm, entitling Plaintiff to damages and injunctive relief.

70. Fossil also contributes to infringement of the '847 Patent pursuant to 35 U.S.C. § 271(c) by selling and offering to sell the Fossil Smartwatch Products and the Fossil Smartwatches app, which are material components of the claimed methods, knowing they are especially adapted for infringing use and not suitable for substantial non-infringing use. For example, the Fossil Smartwatches app has no technical use absent Bluetooth data transfer from the Fossil Smartwatch Products, as confirmed by Fossil's support materials and app descriptions.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

71. Fossil's direct and indirect infringement has caused Plaintiff irreparable harm, entitling Plaintiff to damages under 35 U.S.C. § 284 and injunctive relief under 35 U.S.C. § 283.

72. To the extent Fossil continues, and has continued, its infringing activities noted above in an infringing manner post-notice of the '752 patent, such infringement is necessarily willful and deliberate. Plaintiff believes and contends that Fossil's continuance of its clear and inexcusable infringement of the '752 patent post notice is willful, wanton, malicious, bad-faith, deliberate, and/or consciously wrongful.

73. On account of the foregoing, Plaintiff contends such activities by Fossil qualify this as an egregious case of misconduct beyond typical infringement, entitling Plaintiff to enhanced damages. Including based on the foregoing, Plaintiff hereby respectfully requests an award of enhanced damages, including treble damages, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.

74. Each of Fossil's aforesaid activities have been without authority and/or license from Plaintiff.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

## **PRAYER FOR RELIEF**

75.Plaintiff respectfully requests the Court enter judgment in its favor and against Defendants as follows:

  i.    Finding that Defendants have directly and/or indirectly infringed all claims of the Patents-in-Suit;

 ii.    Awarding Plaintiff damages under 35 U.S.C. § 284, including treble damages for willful infringement, and damages for post-verdict infringement;

iii.    Awarding Plaintiff pre-judgment and post-judgment interest and costs;

 iv.    Declaring this case exceptional and awarding Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

  v.    Issuing a permanent injunction under 35 U.S.C. § 283 enjoining Defendants and their affiliates from infringing the Patents-in-Suit;

## **JURY DEMAND**

1. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Dated:  July 3, 2025            Respectfully Submitted

*/s/ Randall Garteiser*

Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  sfuller@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 284-5200

**ATTORNEYS FOR PLAINTIFF**

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**